STATE v. PARKER

[106 N.C. App. 484 (1992)]

---

STATE OF NORTH CAROLINA v. JAMES B. PARKER

No. 9120SC380

(Filed 16 June 1992)

1. **Criminal Law § 903 (NCI4th)— refusal to read victim's testimony to jury—no denial of unanimous verdict**

Defendant was not denied his right to a unanimous verdict by the trial court's initial refusal to read the transcript of the victim's testimony to the jury after the foreman reported during deliberations that some jurors stated that they had difficulty understanding the victim's testimony where the trial court subsequently offered to have the victim's testimony read to the jury, this offer was rejected by the jury, and the jurors

STATE v. PARKER

[106 N.C. App. 484 (1992)]

all responded affirmatively when the clerk asked the jury whether its verdict was unanimous.

**Am Jur 2d, Trial § 1688.**

2. **Constitutional Law § 374 (NCI4th)— first degree sexual offense — life imprisonment — not cruel and unusual punishment**

A sentence of life imprisonment imposed on defendant for first degree sexual offense does not constitute cruel and unusual punishment.

**Am Jur 2d, Criminal Law § 629.**

APPEAL by defendant from judgment entered 25 January 1991 by *Judge William H. Helms* in UNION County Superior Court. Heard in the Court of Appeals 16 January 1991.

Defendant was indicted and convicted of first degree kidnapping and first degree sexual offense. Defendant was sentenced to a term of forty years with the North Carolina Department of Correction for the kidnapping conviction and a consecutive life imprisonment term for the first degree sexual offense conviction. On the kidnapping charge, judgment was later arrested and the guilty verdict was set aside.

Recitation of the facts underlying the convictions is not necessary to disposition of this appeal. However, a brief discussion of the jury's deliberations is required. After deliberating for fifty-five (55) minutes, the jury returned to the courtroom and the following colloquy occurred:

THE COURT: I understand you have a question.

THE FOREMAN: Yes, sir. . . .

* * *

THE FOREMAN: Could — could we have the transcript of [the victim]? Many of them said they could not understand him when he testified.

THE COURT: Approach the bench.

(Conference at the bench.)

THE COURT: A transcript is not available at this time. It would be necessary for the court reporter to do that, so

I'm going to ask you to go back and resume your deliberations. If you have any further question along those same lines though, after deliberating further, if you will let me know, we will consider it further at that time. Go back to your jury room.

(The jury retires to the jury room.)

THE COURT: Any corrections or additions to those—

MR. HUFFMAN: No, Your Honor.

THE COURT: —comments to the jury?

MR. HUFFMAN: No, sir.

MR. WILLIAMS: Not from the State.

The jury returned to the jury room and a few moments later the jurors were excused for the evening. The next morning the following transpired.

(The verdict sheets are handed to the jury in the jury room at approximately 9:35 a.m.)

THE COURT: Let me see ya'll a minute.

(Conference at the bench.)

MR. HUFFMAN: Let me just observe for the record, I don't know if that's proper or not. Let them go ahead and have it. I don't think it could be much of an error, you know. If any—

THE COURT: Go bring Strong's Criminal Law, both volumes and see if anything is in there.

MR. HUFFMAN: For the record, Your Honor, the defendant would object to the reading.

THE COURT: Bring the jury back in.

(The jury returns to the courtroom at 10:05 a.m.)

THE COURT: Are you the foreman, ma'am?

THE FOREMAN: Yes.

THE COURT: All right. You informed me yesterday that some of you may have had some difficult [sic] hearing portions of the testimony of [the victim].

THE FOREMAN: Yes, sir.

**STATE v. PARKER**

[106 N.C. App. 484 (1992)]

THE COURT: And overnight the court reporter has made a transcription of that testimony and if anyone is having trouble at this point recalling what his testimony was, we have that available.

THE FOREMAN: All right.

THE COURT: So the question is do you want to hear it again or not, or do all of you recall his testimony sufficiently to rule on the case.

THE FOREMAN: They say no.

THE COURT: All right. I didn't want any — any confusion about whether or not that would be made available because if you couldn't hear it we want to make absolutely certain that it was made available to you, and we have that. If you feel you do not need it, you're free to return to your jury room to deliberate. If any question arises or you have any problem with anything else, please let us know.

THE FOREMAN: Okay.

THE COURT: Thank you.

(The jury retires to the jury room at approximately 10:09 a.m.)

The jury later returned guilty verdicts against the defendant. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Norma S. Harrell, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

EAGLES, Judge.

I

[1] Though at trial defendant objected to the reading of a part of the transcript, defendant now argues that the trial court erred by initially refusing to read the transcript of the victim's testimony to the jury after the jury began its deliberations. Specifically, the defendant now contends that the jury's verdict was not rendered by each of its twelve members. We disagree.

**STATE v. PARKER**

[106 N.C. App. 484 (1992)]

This case is controlled by *State v. Jacobs*, 25 N.C. App. 500, 214 S.E.2d 254, *cert. denied*, 287 N.C. 666, 216 S.E.2d 909 (1975). In *Jacobs*, the jury returned from the jury room and the foreman asked the judge whether the jury could return a verdict when one of the jurors said that he had had "trouble hearing the testimony in th[e] case." *Id.* at 504, 214 S.E.2d at 257. The judge sent the jury back to the jury room with instructions to reach a unanimous verdict. *Id.* The jury later returned a verdict finding the defendant guilty of the crime charged. This Court held:

> Defendant contends that the foregoing portions of the record demonstrate that in effect only eleven jurors decided this case and that he was thereby denied his constitutional right to have his case determined by a jury of twelve. We do not so read the record. On the contrary, whatever may have occurred in the jury room, the record makes clear that verdict as finally rendered was the unanimous verdict of all twelve jurors and that each assented thereto. Defendant's motion for mistrial was properly denied.

*Id.* at 505, 214 S.E.2d at 257.

Here, it is also clear that the jury's verdicts were unanimous. After the jury returned from the jury room and rendered its verdicts finding the defendant guilty of first degree kidnapping and first degree sexual offense, the clerk asked the jury whether the verdicts were unanimous. The transcript indicates the jurors responded affirmatively. The defendant did not have the jury individually polled and nothing in the record indicates that the verdicts reached were not agreed to by each of the jurors. This assignment is overruled.

II

[2]    Defendant next argues that his sentence to life imprisonment for committing first degree sexual offense violates his constitutional rights to be free from cruel and unusual punishment. "Our Supreme Court has rejected such an argument on many occasions." *State v. Davis*, 101 N.C. App. 12, 23, 398 S.E.2d 645, 652 (1990), *disc. review denied and appeal dismissed*, 328 N.C. 574, 403 S.E.2d 516 (1991). This assignment is also overruled.

No error.

Judges COZORT and ORR concur.